Filed 2/24/14  Castruita v. Guerrero CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| LARRY CASTRUITA, | B246439 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS140333) |
| v. | |
| STEVEN GUERRERO, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol Boas Goodson, Judge.  Affirmed.

Larry Castruita, in pro per, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

## INTRODUCTION

This is an appeal from an order granting a motion for attorney fees. Because the appellant has failed to provide a record demonstrating the error he claims, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In mid-November 2012, Larry Castruita filed a petition seeking a temporary restraining order and permanent injunction against Steven Guerrero. (Code Civ. Proc., § 526.7 [all further undesignated statutory references are to the Code of Civil Procedure].) According to Castruita's petition, Guerrero is Castruita's uncle and a co-trustee of a trust that owns Castruita's residence. Castruita said Guerrero repeatedly entered his residence without knocking, took photographs, initiated verbal altercations and otherwise harassed him. Castruita's request for a temporary restraining order was granted in part, and a hearing was set for December 4.[1]

On November 30, Castruita filed points and authorities along with his own supporting declaration, and Guerrero filed a response. On December 3, both Castruita and Guerrero filed substitutions of attorney, and both appeared at the December 4 hearing represented by counsel.

According to the court's December 4 minute order following the hearing on Castruita's petition for injunction prohibiting harassment, both Castruita and Guerrero were sworn and testified; the petition for injunction prohibiting harassment was denied; the temporary restraining order was dissolved; and Guerrero's "oral motion for attorney fees [wa]s granted[,]" with Castruita "ordered to pay $1,000 to attorney Jim McCullaugh within 30 days."

Castruita (now an attorney proceeding in pro per) appeals. We have received no respondent's brief or any other response from Guerrero.

---

[1]    The request was denied as to Castruita's vehicle and workplace for lack of evidence.

*DISCUSSION*

Castruita says the trial court deprived him of notice and an opportunity to be heard in violation of due process when it granted Guerrero's oral motion for attorney fees at the time of the hearing. As Castruita acknowledges, "The prevailing party in any action brought under this section [section 527.6] may be awarded court costs and attorney's fees, if any." (§ 527.6, subd. (r).) However, he says Guerrero never requested fees himself in the form response he filed and claims Guerrero's attorney—who had substituted in to the case just the day before the hearing—only made the request for attorney fees for the first time at the conclusion of the proceedings. Then, he says, the trial court asked Guerrero's attorney how much he would like and then ordered Castruita to pay the requested $1,000 amount without allowing any response from Castruita or his counsel. He concedes he cannot cite to a reporter's transcript, asserting the "court's recent consolidation has all but eliminated court reporters."

"A ruling by a trial court is presumed correct, and ambiguities are resolved in favor of affirmance." (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631, citations omitted; see generally, Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶¶ 8:15 to 8:18, pp. 8-5 to 8-7, italics in original.)

As the appellant, it is Castruita's burden to overcome this presumption of correctness by providing an adequate appellate record demonstrating the error he asserts; failure to do so requires resolution of the issue against him. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶ 8:17 at pp. 8-5 to 8-6, citing *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362 [judgment must be affirmed where appellant failed to present adequate record for review]; *Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 187 [argument on appeal forfeited where appellant included only selected excerpts from clerk's transcript and failed to include reporter's transcript or exhibits, preventing meaningful

3

review].)  An appellant's burden to affirmatively demonstrate error remains the same whether the respondent files a brief or not.  (*Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226-227.)

In addition to the absence of a reporter's transcript, the record Castruita designated includes only the documents *he* filed in support of the requested restraining order; it does not include Guerrero's response (or any other document filed on Guerrero's behalf).  The record does include the Los Angeles Superior Court's case summary which specifies the filing of such documents, including Guerrero's response filed on November 30, 2012 and substitution of attorney filed on December 4, 2012, as well as the trial court's minute order of the same date which states Castruita was ordered to pay Guerrero's attorney (James McCullaugh) fees in the amount of $1,000.

On this record, given the conspicuous absence of any documents filed on Guerrero's behalf in which he may well have requested as well as substantiated the request for the award of attorney fees Castruita challenges on due process grounds in this appeal, the trial court's order must be affirmed.  (*Oliveira v. Kiesler, supra,* 206 Cal.App.4th at p. 362 ["The absence of a record concerning what actually occurred [in the trial court] precludes a determination that the trial court [erred]"].)

## DISPOSITION

The order is affirmed.  Castruita is to bear his own costs on appeal.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**                                         **SEGAL, J.**[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.